UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINIER ROQUE SOTO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-0893 DAD-CSK<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Petitioner Reinier Roque Soto, a national and citizen of Cuba, entered the United States on May 18, 2019, and has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner and his family were initially detained by Customs and Border Protection, and subsequently released. During his time in the United States, petitioner has been arrested by local authorities on multiple different occasions for different charges, including multiple failures to appear. After petitioner was arrested on December 3, 2025 by local authorities for grand theft, petitioner was taken into ICE custody on a detainer on December 5, 2025. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND

Petitioner is a national and citizen of Cuba.  (ECF No. 1 at 4.)  On May 18, 2019, petitioner and his family entered the United States without inspection and were detained by U.S. Customs and Border Protection.  (ECF No. 8-1 at 1 & 8-2 at 3.)  Petitioner and his family were subsequently released.  (ECF No. 8 at 2.)  Petitioner has been arrested by local authorities on multiple different occasions for different charges. (ECF Nos. 8-1 at 3, 8-2 at 6-11; ECF No. 18.) Respondents assert the following criminal history for petitioner:[2] (1) pending charges from an October 15, 2024 arrest for "driving with a license canceled, suspended, or revoked, in violation of Fla. Stat. § 322.34(2)(c) (felony third degree);" (2) status unknown for a November 13, 2024 arrest for "failure to appear, in violation of Fla. Stat. § 901.31, and battery, in violation of Fla. Stat. § 784.03(1)(a)(1) (misdemeanor first degree);" (3) pending charges from a March 20, 2025 arrest for "driving with a license canceled, suspended, or revoked, in violation of Fla. Stat. § 322.34(2)(c) (felony third degree);" (4) pending charges from a July 13, 2025 arrest for "driving while license suspended with one prior, in violation of Fla. Stat. § 322.34(2)(B) (misdemeanor);" (5) pending charges from an October 29, 2025 arrested for "an out-of-county warrant, in violation of Fla. Stat. § 901.15(4);" and (6) pending charges from a December 3, 2025 arrest for "grand theft of property valued at $750 - $5,000, in violation of Fla. Stat. § 812.014(2)(c)(1) (felony third degree)."  On December 5, 2025, petitioner was taken into ICE custody on a detainer after his December 3, 2025 arrest for grand theft.  Petitioner alleges that after his detention by ICE, he has been transferred numerous times and has been subjected to inhumane treatment and conditions. (See ECF No. 1 at 5-12.)

/ / /

---

[2]  In their answer, respondents describe criminal charges against petitioner that were subsequently dismissed or dropped.  Respondents do not assert detention authority on the basis of dismissed or dropped charges, and the Court therefore does not address these charges. Further, respondents have acknowledged their error in their Answer (ECF No. 8 at 2) regarding petitioner's arrest date for violating an injunction for protection against domestic violence, which was incorrectly identified as October 10, 2013, but actually occurred on October 13, 2021.  (See ECF No. 8 at 2 (incorrect date identified); ECF No. 8-2 at 6 (correct date identified); ECF No. 18 at 2 (error acknowledged).)  This issue has been resolved and regardless does not affect the Court's analysis as a dismissed or dropped charge.

2

## II.   PROCEDURAL BACKGROUND

On February 2, 2026, petitioner filed his petition for writ of habeas corpus and a motion to appoint counsel.  (ECF Nos. 1, 2.)  On February 9, 2026, the district judge ordered that respondents shall not remove or transfer petitioner out of this district while his petition is pending.  (ECF No. 7.)  On February 13, 2026, respondents timely filed an answer to the petition.  (ECF No. 8.)  Petitioner did not file a reply.  Because the record before the court was insufficient to determine the issues presented, the Court ordered respondents to submit additional documents and provided both sides with the opportunity to submit a supplemental brief to address the additional documents submitted.  (ECF No. 11.)  On March 12, 2026, respondents submitted additional documents.  (ECF No. 12.)

On March 23, 2026, petitioner filed a motion for a temporary restraining order and a "Notice re Falsified Documents" addressing an incorrect date of petitioner's arrest that respondents identified in their answer, which is addressed above in footnote 2.  (ECF Nos. 14, 17.)  On March 25, 2026, respondents filed their opposition to the motion.  (ECF No. 16.)  On March 26, 2026, respondents responded to petitioner's Notice as described above.  (ECF No. 18.)  On March 26, 2026, the district judge denied petitioner's motion for a temporary restraining order finding that petitioner is not likely to succeed on the merits of the pending petition for writ of habeas corpus where the requirements of 8 U.S.C. § 1226(c) mandatory detention are met.  (ECF No. 19.)  The habeas petition was referred to the assigned magistrate judge.  Briefing is now complete.

## III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing

the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**IV.     DISCUSSION**

Petitioner raises a Fifth Amendment due process claim for prolonged detention that exceeds six months.  (See ECF No. 1 at 14-23.)  The Court notes at the outset that it is undisputed that petitioner has not been detained for more than six months.  Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim as a Fifth Amendment due process claim challenging his re-detention, and not as a claim limited to challenging his detention as prolonged.  Respondents contend that petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(E).  (ECF No. 8 at 3-4.) Respondents further argue that his detention is not prolonged where petitioner has been detained since December 5, 2025.  (Id. at 5-7.)

Section 1226(c)(1)(E) mandates detention of any noncitizen who meets two requirements: (i) the noncitizen is inadmissible under 8 U.S.C. §§ 1182(a)(6)(A), 1182(a)(6)(C), or 1182(a)(7); and (ii) the noncitizen "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person."  8 U.S.C. § 1226(c)(1)(E).

Respondents argue that the first requirement is met because "Petitioner is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (present without admission or parole, or who arrived at any time or place other than as designated by the Attorney General), and § 1182(a)(7)(A)(i)(I) (not in possession of valid entry document at time of application for admission)."  (ECF No. 8 at 3.)  Respondents argue that the second requirement is met based on petitioner's December 2025 arrest for grand theft in violation of Fla. Stat. § 812.014(2)(c)(1).  (ECF No. 8 at 3-4.)

The record before the district court has not changed since the district judge's denial of petitioner's motion for a temporary restraining order.  This Court recommends that the petition for writ of habeas corpus be denied based on finding that petitioner is subject to mandatory

detention pursuant to 8 U.S.C. § 1226(c)(1)(E) and that petitioner has not been detained for six months where he was detained by ICE in December 2025.  (See ECF No. 1 at 17 (detained by ICE on December 3, 2025); ECF No. 8-1 at 2 (detained by ICE on December 5, 2025); ECF No. 1 at 6 (crossing border with his family in 2019 and without legal status); ECF No. 8-1 at 2-3 (petitioner and family encountered in Yuma Border Patrol area without legal documents to enter); ECF No. 8-1 at 3 (grand theft arrest); ECF No. 8-2 at 10-11 (grand theft arrest).)  Therefore, because petitioner's detention is mandated by § 1226(c) and he was detained in December 2025, his "detention is not indefinite, as there is a 'definite termination point' at the conclusion of his ongoing legal challenges."  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207-08 (9th Cir. 2022)).  Therefore, the Court recommends that the petition be denied.

**V.      MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel.  (ECF No. 2.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

**VI.     CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel (ECF No. 2) is denied.

IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be DENIED.

2.  The Clerk of the Court be directed to enter judgment in favor of Respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court

5

and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 29, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/soto.0893.26.merits

6