UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REINIER ROQUE SOTO,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY,

Respondent.

No.  1:26-cv-00893-DAD-CSK

ORDER DIRECTING RESPONSE TO
MOTION FOR TEMPORARY
RESTRAINING ORDER

On March 26, 2026, this court denied petitioner's motion for temporary restraining order, finding that he was detained on December 3, 2025 pursuant to 8 U.S.C. § 1226(c) but that his detention had not yet become prolonged.  (Doc. No. 19.)  On May 26, 2026, petitioner filed another *pro se* motion for temporary restraining order, arguing that he has now been detained for approximately six months without a bond hearing.  (Doc. No. 25.)  "Courts in this circuit have taken various approaches to determining whether procedural due process requires a bond hearing in a particular case."  *Baishymyrov v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-01650-DMC (HC), 2026 WL 145644, at *6 (E.D. Cal. Jan. 20, 2026) (noting that courts in the Ninth Circuit have applied alternatively a six-month bright line rule, a *Mathews v. Eldridge* balancing test, and an eight-factor test in the § 1226(c) context to determine whether detention without a bond hearing had become prolonged).  Because petitioner's detention will exceed six

1

months if he remains detained on June 4, 2026, the court directs respondent to file an opposition to petitioner's motion for temporary restraining order no later than June 8, 2026 at 5:00 P.M. addressing whether procedural due process requires that petitioner be provided with a bond hearing or any other preliminary relief.

IT IS SO ORDERED.

Dated:    **May 28, 2026**                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE