UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REINIER ROQUE SOTO,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY,

Respondent.

No.  1:26-cv-00893-DAD-CSK

ORDER DECLINING TO ADOPT FINDINGS
AND RECOMMENDATIONS, GRANTING
PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER, AND
DENYING PETITIONER'S REMAINING
MOTIONS

(Doc. Nos. 22, 23, 25, 28)

On February 2, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On March 23, 2026, petitioner filed a motion for temporary restraining order seeking his immediate release.  (Doc. No. 14.)  On March 26, 2026, the court found that petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) and that his detention, which commenced on December 3, 2025, had not become prolonged.  (Doc. No. 19.) In that order, the court referred this matter to the assigned magistrate judge for further proceedings.  (*Id.*)

On April 28, 2026, petitioner filed another motion for temporary restraining order, primarily raising the same arguments raised in his prior motion.  (Doc. No. 22.)  On April 30,

1

2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be denied without prejudice to its refiling in the event petitioner's detention extended beyond six months.[1]  (Doc. No. 23.)  On May 11, 2026, petitioner filed objections to those findings and recommendations.  (Doc. No. 24.)

On May 26, 2026, petitioner filed a third *pro se* motion for temporary restraining order, arguing that he had by that time been detained for approximately six months without a bond hearing.  (Doc. No. 25.)  Accordingly, the court directed respondent to file an opposition to petitioner's motion for temporary restraining order no later than June 8, 2026 addressing whether procedural due process required that petitioner be provided with a bond hearing.  (Doc. No. 26.)  On June 8, 2026, respondent filed an opposition to the pending motion for temporary restraining order.[2]  (Doc. No. 27.)

The court previously noted that there appear to be several approaches that district courts in the Ninth Circuit have employed in determining whether detention pursuant to 8 U.S.C. § 1226(c) has become prolonged.  (Doc. No. 26 at 1) (citing *Baishymyrov v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-01650-DMC (HC), 2026 WL 145644, at *6 (E.D. Cal. Jan. 20, 2026)).  As one district judge of this court has summarized:

> District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing.  *See, e.g., Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1117 (W.D. Wash. 2019) (adopting six factor test to assess the reasonableness of prolonged detention in [§] 1225 context); *Rodriguez v. Nielsen*, No. 18-cv-04187-TSH, 2019 WL 7491555, at *6 (N.D. Cal. Jan. 7, 2019) (adopting bright-line rule that detention beyond six months is prolonged and entitles detainee to bond hearing in 8 U.S.C. § 1226(c) context); *Lopez v. Garland*, 631 F. Supp. 3d

---

[1]  Because petitioner has now been detained in excess of six months, the undersigned must decline to adopt the pending findings and recommendations.

[2]  On June 22, 2026, petitioner filed a motion for release from custody on the basis that respondent had failed to file an opposition to his May 26, 2026 motion for temporary restraining order by the deadline set by the court.  (Doc. No. 28.)  A review of the docket reveals that respondent did timely file its opposition on June 8, 2026.  (Doc. No. 27.)  On June 23, 2026, respondent determined, however, that it had not sent its opposition to petitioner's current detention facility, the Central Valley Annex Detention Facility.  (Doc. No. 29.)  Accordingly, the court will deny petitioner's motion for release from custody brought on this ground.

2

870, 879 (E.D. Cal. 2022) (explaining that to "determine whether § 1226(c) detention has become unreasonable, the Court will look to the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government")[.]

*Mohammed v. Warden of Cal. City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026). The undersigned is persuaded by the approach taken in *Mohammed* of applying the three-part test identified by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to determine whether due process requires a bond hearing. *Id.* at *3 ("However, because the Ninth Circuit has identified *Mathews* as setting an appropriate test for what process is due in similar circumstances, this Court declines to substitute the *Mathews* factors for those identified by other courts."); *see also Marroquin v. Chestnut*, No. 1:25-cv-01798-EPG, 2026 WL 629695, at *4–5 (E.D. Cal. Mar. 6, 2026) (noting that the Ninth Circuit has observed that the *Mathews* test has regularly been applied to due process challenges in the immigration detention context) (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022)).

In its opposition, respondent argues that petitioner's request for a bond hearing is one made pursuant to substantive due process rather than procedural due process.[3] (Doc. No. 27 at 5–7.) Respondent's argument is entirely unclear in this regard. Respondent's position appears to be that, because § 1226(c) mandates detention based only upon a prior criminal conviction and not current dangerousness, any request for a bond hearing regarding dangerousness or flight risk is requesting "substantive" relief under "substantive due process." (*Id.* at 5–6.) As the Fifth Circuit explained recently in the context of another statute which mandates detention for certain noncitizens:

---

[3] Respondent also argues that petitioner's detention is not prolonged because the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001) only found that detention past six months was presumptively unreasonable in the post-final removal order context. (Doc. No. 27 at 2–3.) Respondent's argument in this regard is entirely unclear but appears to be that the Supreme Court not addressing pre-final removal order detention in *Zadvydas* somehow forecloses any prolonged detention argument raised in that context. This argument is without merit. Respondent also argues that petitioner's detention is facially constitutional under 8 U.S.C. § 1226(c). (Doc. No. 27 at 3–4.) However, this argument does not foreclose an as-applied constitutional challenge to petitioner's detention. *Marroquin*, 2026 WL 629695, at *4 (explaining that, although the Supreme Court rejected a facial challenge to 8 U.S.C. § 1226(c), it "expressly preserved the right to bring an as-applied challenge").

3

The principal support for the Government's insistence that the statute controls here is the exceptionally inapt *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003). There, the court considered a procedural due process challenge to placement on a public sex offender registry, certainly not an issue drawing on long-recognized fundamental, substantive rights. The challenger claimed he had a liberty interest in his reputation; accordingly, the state law establishing the registry purportedly violated procedural due process because the state had failed to provide him with a hearing to disprove his dangerousness. He expressly disclaimed a substantive due process challenge to the law. The Court held that he had no procedural right to a hearing because "any hearing on current dangerousness [would have been] a bootless exercise." It was bootless because the duty to register did not hinge on dangerousness but solely on a conviction of the offense—all sex offenders had to be registered.

* * *

In sum, *Doe* did not create a new standard to be met for due process claims of violations of fundamental rights. Instead, it teaches that when a statute that abrogates a claimed liberty interest does not substantively violate the Constitution, the Due Process Clause does not impose any additional procedural protection. The three [noncitizens] before us assert that the deprivation of their physical liberty without justification substantively violates their right to liberty from physical constraint enumerated in the Constitution. They concede there are "conditions under which competing state interests might outweigh" their Fifth Amendment liberty interest. What they seek is recognition of a procedural right to prove those conditions do not exist and that their right to be at liberty "actually is outweighed in [this] particular instance." . . . Accordingly, *Doe* has no application.

*Rodriguez v. Ortega*, — F. 4th —, 2026 WL 1906557, at *7–8 (5th Cir. July 2, 2026) (internal citations omitted); *see also Lino-Ramos v. Moniz*, No. 25-cv-10470-BEM, 2026 WL 1759415, at *5 n.8 (D. Mass. June 18, 2026) ("The Court need not dwell on this argument, which numerous federal courts have already rejected in the immigration habeas context.") (collecting cases). In short, respondent's poorly-presented argument is without any merit. *See Doe v. Becerra*, 732 F. Supp. 3d 1071, 1079 (N.D. Cal. 2024) (explaining that mandatory detention pursuant to § 1226(c) violates due process "if it becomes punitive" and noting that under "binding Ninth Circuit precedent" prolonged civil detention becomes punitive and a violation of due process) (quoting *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021)).

Respondent fails to make any argument regarding whether procedural due process requires a bond hearing in petitioner's case. The court adopts the reasoning of the court in

4

*Gaspar v. Warden of the Golden State Annex Ice Detention Facility*, No. 1:25-cv-02026-JLT-SAB (HC), 2026 WL 1283349 (E.D. Cal. May 11, 2026), *report and recommendation adopted*, 2026 WL 1803570 (E.D. Cal. June 23, 2026) and concludes that the *Mathews* factors weigh in favor of petitioner receiving a bond hearing in light of his having been detained now for nearly seven months without such a hearing. *See Ramon v. Blanche*, No. 26-cv-02849-E, 2026 WL 1836006, at *2 (C.D. Cal. June 17, 2026) ("Although there does not appear to be any bright-line rule regarding when a detention becomes unreasonably prolonged, courts have deemed seven months to be a materially significant length of time.") (collecting cases). Moreover, because the court has found that procedural due process requires that petitioner be provided with a bond hearing in light of his prolonged detention, binding Ninth Circuit precedent requires that the burden at that hearing be placed on the government by clear and convincing evidence. *Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011) (holding that due process requires a heightened burden of proof for a bond hearing in the prolonged detention context); *see also Singh v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-01973-DAD-CSK, 2026 WL 1328588, at *2–3 (E.D. Cal. May 13, 2026) (discussing when, under Ninth Circuit precedent, the clear and convincing evidence standard is required by due process).

For the reasons above,

1. The court declines to adopt the findings and recommendations issued on April 30, 2026 (Doc. No. 23);

2. The court grants petitioner's May 26, 2026 motion for temporary restraining order (Doc. No. 25) as follows:

   a. Respondent is ORDERED to provide petitioner with a substantive bond hearing within ten (10) days of the date of entry of this order, at which hearing respondent will bear the burden of demonstrating that petitioner is a danger to the community or a risk of flight by clear and convincing evidence;

3. Petitioner's April 28, 2026 motion for temporary restraining order (Doc. No. 22) is DENIED as having been rendered moot;

/////

5

4.    Petitioner's June 22, 2026 motion for immediate release (Doc. No. 28) is DENIED; and

5.    This matter is REFERRED back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **July 8, 2026**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE