UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REINIER ROQUE SOTO,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-0893 DAD CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Reinier Roque Soto, a national and citizen of Cuba, entered the United States on May 18, 2019, and filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner and his family were initially detained by Customs and Border Protection, and subsequently released. During his time in the United States, petitioner has been arrested by local authorities on multiple different occasions for different charges, including multiple failures to appear. After petitioner was arrested on December 3, 2025 by local authorities for grand theft, petitioner was taken into U.S. Immigration and Customs Enforcement ("ICE") custody on a detainer on December 5, 2025. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of Cuba. (ECF No. 1 at 4.) On May 18, 2019, petitioner and his family entered the United States without inspection and were detained by U.S. Customs and Border Protection. (ECF No. 8-1 at 1 & 8-2 at 3.) Petitioner and his family were subsequently released. (ECF No. 8 at 2.) Petitioner has been arrested by local authorities on multiple different occasions for different charges. (ECF Nos. 8-1 at 3, 8-2 at 6-11; ECF No. 18.) Respondent asserts the following criminal history for petitioner:[2] (1) pending charges from an October 15, 2024 arrest for "driving with a license canceled, suspended, or revoked, in violation of Fla. Stat. § 322.34(2)(c) (felony third degree);" (2) status unknown for a November 13, 2024 arrest for "failure to appear, in violation of Fla. Stat. § 901.31, and battery, in violation of Fla. Stat. § 784.03(1)(a)(1) (misdemeanor first degree);" (3) pending charges from a March 20, 2025 arrest for "driving with a license canceled, suspended, or revoked, in violation of Fla. Stat. § 322.34(2)(c) (felony third degree);" (4) pending charges from a July 13, 2025 arrest for "driving while license suspended with one prior, in violation of Fla. Stat. § 322.34(2)(B) (misdemeanor);" (5) pending charges from an October 29, 2025 arrested for "an out-of-county warrant, in violation of Fla. Stat. § 901.15(4);" and (6) pending charges from a December 3, 2025 arrest for "grand theft of property valued at $750 - $5,000, in violation of Fla. Stat. § 812.014(2)(c)(1) (felony third degree)." On December 5, 2025, petitioner was taken into ICE custody on a detainer after his December 3, 2025 arrest for grand theft. Petitioner alleges that after his detention by ICE, he has been transferred numerous times and has been subjected to inhumane treatment and conditions. (See ECF No. 1 at 5-12.)

/ / /

[2] In the answer, respondent describes criminal charges against petitioner that were subsequently dismissed or dropped. Respondent does not assert detention authority on the basis of dismissed or dropped charges, and the Court therefore does not address these charges. Further, respondent has acknowledged the error in the answer (ECF No. 8 at 2) regarding petitioner's arrest date for violating an injunction for protection against domestic violence, which was incorrectly identified as October 10, 2013, but actually occurred on October 13, 2021. (See ECF No. 8 at 2 (incorrect date identified); ECF No. 8-2 at 6 (correct date identified); ECF No. 18 at 2 (error acknowledged).) This issue has been resolved, and regardless, does not affect the Court's analysis as it is a dismissed or dropped charge.

## II. PROCEDURAL BACKGROUND

On February 2, 2026, petitioner filed his petition for writ of habeas corpus and a motion to appoint counsel. (ECF Nos. 1, 2.) On February 9, 2026, the district judge ordered that respondent shall not remove or transfer petitioner out of this district while his petition is pending. (ECF No. 7.) On February 13, 2026, respondent timely filed an answer to the petition. (ECF No. 8.) Petitioner did not file a reply. Because the record before the court was insufficient to determine the issues presented, the Court ordered respondent to submit additional documents and provided both sides with the opportunity to submit a supplemental brief to address the additional documents submitted. (ECF No. 11.) On March 12, 2026, respondent submitted additional documents. (ECF No. 12.)

On March 23, 2026, petitioner filed a motion for a temporary restraining order and a "Notice re Falsified Documents" addressing an incorrect date of petitioner's arrest that respondent identified in the answer, which is addressed above in footnote 2. (ECF Nos. 14, 17.) On March 25, 2026, respondent filed an opposition to the motion. (ECF No. 16.) On March 26, 2026, respondent filed a response to petitioner's Notice as described above. (ECF No. 18.) On March 26, 2026, the district judge denied petitioner's motion for a temporary restraining order, finding that petitioner is not likely to succeed on the merits of the pending petition for writ of habeas corpus where the requirements of 8 U.S.C. § 1226(c) mandatory detention are met. (ECF No. 19.)

On April 28, 2026, petitioner filed a second motion for temporary restraining order. (ECF No. 22.) On April 30, 2026, this Court issued findings and recommendations that recommended the habeas petition be denied. (ECF No. 23.) Petitioner filed objections, and on May 26, 2026, petitioner filed a third motion for temporary restraining order. (ECF Nos. 24, 25.) Following briefing, on July 9, 2026, the district court declined to adopt the findings and recommendations, granted the motion for temporary restraining order, and ordered respondent to provide petitioner a bond hearing at which the government would bear the burden of proof. (ECF No. 31.) On July 24, 2026, respondent filed a notice of compliance confirming petitioner was provided a bond hearing, and provided a copy of the immigration judge's decision denying petitioner bond based

on a finding that petitioner posed a flight risk. (ECF Nos. 34, 34-1.) Petitioner has subsequently filed status reports confirming he remains detained. (ECF Nos. 35, 36, 37, 38.) The habeas petition was referred to the assigned magistrate judge. Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner raises a Fifth Amendment due process claim for prolonged detention that exceeds six months. (See ECF No. 1 at 14-23.) The Court notes that at the time petitioner filed his petition, it was undisputed that petitioner had not been detained for more than six months. Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim as a Fifth Amendment due process claim challenging his re-detention, and not as a claim limited to challenging his detention as prolonged. Respondent contends that petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(E). (ECF No. 8 at 3-4.) Respondent further argues that as of February 13, 2026, the date the answer was filed, petitioner's detention is not prolonged where petitioner has been detained since December 5, 2025. (Id. at 5-7.)

Section 1226(c)(1)(E) mandates detention of any noncitizen who meets two requirements: (i) the noncitizen is inadmissible under 8 U.S.C. §§ 1182(a)(6)(A), 1182(a)(6)(C), or 1182(a)(7); and (ii) the noncitizen "is charged with, is arrested for, is convicted of, admits having committed,

or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E).

Respondent argues that the first requirement is met because "petitioner is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (present without admission or parole, or who arrived at any time or place other than as designated by the Attorney General), and § 1182(a)(7)(A)(i)(I) (not in possession of valid entry document at time of application for admission)." (ECF No. 8 at 3.) Respondent argues that the second requirement is met based on petitioner's December 2025 arrest for grand theft in violation of Fla. Stat. § 812.014(2)(c)(1). (ECF No. 8 at 3-4.)

**A. Statute Governing Petitioner's Detention**

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for her detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). 8 U.S.C. § 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)," mandating detention for an alien apprehended under § 1226 "who falls into one of several enumerated categories involving criminal offenses." Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) (emphasis in original). In January 2025, the LRA amended § 1226(c) to add a new category of noncitizens ineligible for release under § 1226(a), including noncitizens deemed "inadmissible" for being "present in the United States without being admitted or paroled," who are "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c)(1)(E)(i), (ii).

For purposes of these findings and recommendations, this Court finds that petitioner is detained pursuant to § 1226(c)(1)(E) based on his December 2025 arrest and charge for grand theft. Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings, 583 U.S. at 303.

**B. Due Process Claim**

This does not end the inquiry, however, because petitioner raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510, 513 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-0511 JLT SAB; 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This

Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

Here, after the district court granted petitioner's second motion for a temporary restraining order, petitioner was provided due process when he was provided a custody redetermination hearing. At the bond hearing, the immigration judge reviewed petitioner's criminal history and allowed petitioner to address each entry. (ECF No. 34-1 at 2-3.) The immigration judge found that petitioner posed a flight risk based on petitioner's criminal history, specifically finding that petitioner's "conduct over the years demonstrates a blatant proclivity for disregarding the laws of this country." (Id. at 3.) The immigration judge expressed "little confidence" petitioner would appear for a future immigration proceeding or if called for removal based on petitioner's "illegal entry, his lack of ownership of property in the United States, his limited ties, his decision to enter the United States without inspection, his incredible testimony regarding his arrests in this country, and his speculative relief." (Id. at 3-4.) The immigration judge considered all the evidence of record including, but not limited to petitioner's "length of residence in the United States;" "family and community ties in the United States;" "potential available relief from removal;" "employment history;" and "immigration history." (Id. at 4.) "Weighing the totality of the evidence," the immigration judge found "the government met its burden by clear and convincing evidence," and decided petitioner "is a significant flight risk and no bond is the only way to secure his future appearance." (Id.) Therefore, petitioner received a hearing before a neutral arbiter, an immigration judge, which comports with due process.[3]

**C. Due Process: Prolonged Detention Claim**

Petitioner has now been detained over 9.5 months. However, there is no bright line rule that detention beyond six months is constitutionally impermissible. Jennings, 583 U.S. at 305-

---

[3] Even if petitioner were found to be detained under § 1226(a), he was provided a post-deprivation hearing. See, e.g., Calvillo v. Chestnut, No. 1:26-cv-0569-DC-CSK, 2026 WL 253627 (E.D. Cal. Jan. 31, 2026) (finding that where ICE asserts a non-pretextual basis to re-detain a noncitizen previously released into the United States, the proper remedy is a post-deprivation bond hearing).

06;[4] Gonzalez v. Bonnar, No. 18-cv-5321 JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 26, 2019). "[A]fter the Supreme Court's decisions in Jennings and [Johnson v. ]Arteaga-Martinez, [596 U.S. 573] (2022), it remains undetermined whether the Due Process Clause requires additional bond procedures under any immigration detention statute." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1201, 1203 (9th Cir. 2022) (emphasis in original).

In Rodriguez Diaz, the petitioner received a § 1226(a) bond hearing about two months into detention, was denied release, and remained detained for approximately fourteen more months without another hearing. See id. at 1194-95. Applying the framework of Mathews v. Eldridge, 424 U.S. 319 (1976), the Ninth Circuit held that due process did not require a second hearing with the government bearing the burden of proof. See id. at 1206-13. The court emphasized the individualized hearing already provided, the right to appeal, and the ability to request redetermination based on materially changed circumstances. See id. at 1207-11. Furthermore, the court held that "duration alone" did not establish a due process violation. See id. at 1212 (quoting Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 277 (3d Cir. 2018)); see also Prieto-Romero, 534 F.3d at 1063 (denying relief to a non-citizen detained three years under § 1226(a)). Thus, the Ninth Circuit held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied to Rodriguez Diaz." Rodriguez Diaz, 53 F.4th at 1213.

Here, petitioner's case is similar to Rodriguez Diaz because petitioner received a post-deprivation bond hearing at which the immigration judge denied bond. Petitioner has been detained almost 2.5 months since the July 2026 bond hearing. As such, this Court cannot find that petitioner's current detention violates due process. Of course, if petitioner's circumstances materially change, petitioner may seek a custody redetermination hearing. Further, if petitioner

---

[4] In Jennings, 583 U.S. at 296, 304, 306, the Supreme Court reversed Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015), and remanded the case to the Ninth Circuit. Jennings, 583 U.S. at 312. The Supreme Court held that the Ninth Circuit erred in finding that § 1226(c) statutorily required a bond hearing, but did not address whether due process required such a hearing, and if so, what procedures were sufficient to satisfy due process. Id.; see Rodriguez Diaz, 53 F.4th at 1200 ("The Supreme Court in Jennings did not reach the alleged unconstitutionality of immigration detention absent the procedural requirements we had read into the statute, and instead remanded for consideration of the constitutional question in the first instance. We in turn remanded to the district court, which has not yet issued a decision.") (internal citation omitted).

believes he is unlawfully detained under § 1226(c), he may seek a Joseph hearing where he demonstrates that he is not properly included in a mandatory detention category. See Demore, 538 U.S. at 513 n.3 ("This 'Joseph hearing' is immediately provided to a detainee who claims that he [or she] is not covered by § 1226(c). . . . At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention."); Matter of Joseph, 22 I&N Dec. 799, 799 (BIA 1999).

Overall, this Court recommends that petitioner's due process claims be denied.

## V. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
2. The Clerk of the Court be directed to enter judgment in favor of respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 1, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/soto0893.157.2241.imm.den